## Case No. 12,863.

Ex parte SIMMONS.

[4 Wash. C. C. 396.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1823.

SLAVERY—FUGITIVE SLAVE LAW—SIX MONTHS' RESIDENCE IN PENNSYLVANIA.

1. The act of congress respecting fugitives owing service and labour does not apply to

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

slaves brought by their masters from one state to another, who afterwards escape, or refuse to return.

[Cited in Jones v. Van Zandt, 5 How. (46 U. S.) 228.]

[Cited in Anderson v. Poindexter. 6 Ohio St. 646; Com. v. Aves, 18 Pick. 222; Eells v. People, 4 Scam. 514; Willard v. People, Id. 473.]

2. A sojourner, who brings his slave with him to Pennsylvania. cannot claim him as a slave after he has resided there six months.   He is free by the act of that state of March 1, 1780.

[Cited in Polydore v. Prince, Case No. 11,-257; Osborn v. Nicholson, Id. 10,595.]

This was an application made to WASHINGTON, Circuit Justice, in Philadelphia, out of court, by Mr. Simmons, under the third section of the act of congress respecting fugitives from justice, &c. (see 1 Story's Laws, 274), for a certificate as provided by that section.   The evidence was, that Mr. Simmons came to Philadelphia from Charleston, South Carolina, where he resided, and has plantations, in February 1822, and rented a house for one quarter, which he furnished, and in which he continued to reside with his family for three quarters and six weeks.   That he brought with him his slave, as his property, who remained during that period, or the greatest part of it, in his service as a domestic, and who has remained in Philadelphia until the present time, without any attempt being made by his master to remove him back to South Carolina, until the present application.

By WASHINGTON, Circuit Justice.   The judge refused to grant the certificate upon the following grounds:

1. That this is not a case within either the words or the intention of the third section of the act of congress, under which this application is made.   That relates to fugitives from one state or territory to another.   The words of the law are, that "when any person held to labour in any of the United States, &c. under the laws thereof shall escape into any other of the said states," &c. the owner or his agent may seize "such fugitive from labour," and upon proof made to the satisfaction of the judge, that the person so seized doth, under the laws of the state "from which he fled" owe service, &c. it is made the duty of the judge to grant the certificate.   The second section of the fourth article of the constitution of the United States is confined to persons held to service or labour in one state, under the laws thereof, escaping into another. If the constitution and law relating to this subject were susceptible of a construction broader than the language used, so as to embrace the case of persons owing service brought or carried into another state, it would clearly follow, that the act of this state. passed the 1st of March, 1780, for the gradual abolition of slavery (see 1 Smith's Laws, 492), so far as it respects slaves coming into this state from other states, would be repugnant to the. above section of the constitution of the United States, and consequently void.   But in

the case of Butler v. Hopper [Case No.2,241], decided in the circuit court of the United States for this district, in which this point was made, the court said that the law of this state was not a violation of the constitution of the United States, inasmuch as the constitution does not extend to the case of a slave voluntarily carried by his master into another state, and there leaving him under the protection of some law of the state declaring him free, but to slaves escaping from one state to another. The slave in this case having been voluntarily brought by his master into this state, I have no cognizance of the case, so far as respects this application, and the master must abide by the laws of this state so far as they may affect his rights. If the man claimed as a slave be not entitled to his freedom under the laws of this state, the master must pursue such remedy for his recovery as the laws of the state have provided for him.

2. I am of opinion that the alleged slave is free under the act of the assembly of this state before referred to. The exception in the tenth section of the act in favour of members of congress, foreign ministers, and consuls, and sojourners, bringing their domestic servants into the state, is qualified by the proviso, as to sojourners and persons passing through the state, in such a manner as to exclude them from the benefit of the exception, where such domestic slave is retained in the state longer than six months. This man has been retained in the state, and in Mr. Simmons' service, for a much longer period than six months.

Certificate refused.